CUSICK v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. February 23, 1904.)

1. STREET RAILWAYS—INJURY TO PASSENGER BOARDING CAR—NEGLIGENCE—EVIDENCE.

Evidence in an action for injury to a passenger on a street car, struck by a pillar in the street just after he had got on the car and while he was on the running board, *held* insufficient to show an absence of contributory negligence and negligence of defendant.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by John J. Cusick against the Interurban Street Railway Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GIEGERICH and McCALL, JJ.

Henry W. Goddard and William E. Weaver, for appellant.
James E. Smith, for respondent.

FREEDMAN, P. J. This is an action for personal injuries sustained by the plaintiff through the alleged negligence of the defendant. The plaintiff was the only witness narrating how the accident occurred, and his testimony fails to establish any negligence on the part of the defendant. In his verified complaint he alleges that, after signaling a car of the defendant to stop, which it did, and just as he attempted to board the car, and with one foot on the first step of the rear platform, the car was suddenly started, and he was hurled violently against a pillar of the elevated railroad and injured. The car was an open one. His testimony as to how the accident occurred is substantially as follows: "I had one hand on the car and one foot on the running board, and before I had the other one up I hit the elevated pillar. * * * The car was going, and I had one foot on. I had one foot on the running board, and before I had the other foot on the car I was knocked off by the elevated pillar, and that is all I know." Again, he says: "The car started between the time I attempted to get on and the time I was hit by the elevated pillar." He further stated that the pillar against which he was thrown was the second one north of Sixty-Third street, that the car had gone beyond the first pillar north of the crosswalk at Sixty-Third street before stopping for passengers to board it, and that the pillars were from 25 to 40 feet apart. A lady who was with the plaintiff got on the car before the plaintiff, and whether the car started before he had an opportunity to get aboard, and he attempted to get on the moving car, and, if so, at what rate the car was then moving, or whether he had got aboard the car before

it started, does not appear. If the plaintiff boarded the car just north of the first pillar at Sixty-Third street, and remained upon the running board until hit by the second pillar, no explanation is given by him as to why he thus remained in a dangerous situation during the passage of the car from the first to the second pillar, instead of promptly entering the car. His testimony, taken as a whole, and given the most favorable construction, fails to show an absence of contributory negligence on his part and negligence on the part of the defendant, and defendant's motion to dismiss his complaint on that ground should have been granted.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.